SCOTT v. INTERNATIONAL PAPER CO.

(Supreme Court, Appellate Division, Third Department.   March 2, 1904.)

1. NEGLIGENCE—FAILURE TO UNLOAD BOAT—DAMAGES—FAILURE OF PROOF.

In an action for damages alleged to have been caused by defendant's unreasonable failure to unload a cargo of wood from plaintiff's canal boat, in consequence of which the boat, with cargo, was frozen in, it was shown that, if the boat had been immediately unloaded, it would still have been frozen in, and that it was necessary to have boats calked in the spring, whether they were frozen in with a load on or not.   There was evidence that certain repairs were made, and the boat calked, but no showing that, if the boat had been frozen in unloaded, the same repairs and amount of calking would not have been required.   Held, that no damage was proven.

Appeal from Special Term, Washington County.

Action by John J. Scott against the International Paper Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

The action is brought to recover damages for the defendant's failure to use reasonable diligence in unloading the plaintiff's cargo, shipped to the defendant at Ft. Edward, N. Y.   Upon the 24th day of November, 1901, the plaintiff's boat, loaded with pulp wood for the defendant, reached Ft. Edward.   Upon the morning of the 25th the plaintiff reported to the defendant that he was there ready to unload.   Upon the 28th of November the canal was frozen solid, and no boats were thereafter unloaded.   The plaintiff's claim is that, in violation of his rights, two scows which arrived after the plaintiff were permitted to be unloaded before the plaintiff, and that by reason thereof his boat was frozen in with its load on.   He recovered a verdict of $53.50 for damages sustained under these circumstances, and from the judgment the defendant appeals.

Edgar Hull, for appellant.
Robert O. Bascom, for respondent.

SMITH, J.   It is not claimed that the defendant is responsible for any damage caused by the freezing of the canal alone.   If the plaintiff's boat had been unloaded in its regular turn, it would still have been frozen in before reaching any other destination.   The only damage which the plaintiff can here recover is the damage which the plaintiff suffered by reason of the fact of its being frozen in with the load on.   It appears that it was universally necessary to have boats calked in the spring, to prevent leakage, whether they be frozen in with the load on, or free from the load.   The only evidence of damage here is that it cost $7.50 to have the boat calked at Ft. Edward in the spring, and that it cost about $41 to have certain repairs made at Whitehall.   There is no evidence in the case that those repairs made at Whitehall were repairs made necessary by the freezing in of the boat with the load on, and there is no evidence that the calking which was done at Ft. Edward was any more than would have been required, had the boat been frozen in unloaded.   Without such proof, the plaintiff would seem to have failed to have established any damage for which the defendant here is legally liable.   I am unable to see how the evidence as to the rental value of canal boats in the winter time in New York City could be of any assistance to

the jury in ascertaining the damage properly chargeable to the defendant. For failure of proof, therefore, of damages for the claimed negligent act of the defendant, the plaintiff must be deemed to have failed to have established his cause of action, and the judgment and order must be reversed.